**MAUL BROS., INC., Petitioner-Appellant,**

v.

**EMHART CORPORATION, Defendant-Appellee.**

**UNITED STATES of America,**

v.

**HARTFORD–EMPIRE COMPANY et al., No. 4426 in the United States District Court for the Northern District of Ohio, Western Division.**

**No. 16238.**

United States Court of Appeals
Sixth Circuit.
Feb. 17, 1966.

---

Edward C. Gonda, Philadelphia, Pa., Roger H. Smith, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, on brief, for appellant.

William A. Belt, Toledo, Ohio, John B. Spitzer, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on brief; Jerrold G. Van Cise, H. Richard Schumacher, Cahill, Gordon, Reindel & Ohl, New York City, Roger B. McCormick, McCormick, Paulding & Huber, Hartford, Conn., for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the District Court granting defendant's motion to dismiss the petition filed by appellant, Maul Brothers, Inc., for determination of a reasonable royalty for a license which Maul was desirous of acquiring, under two of Emhart Corporation's patents.

In 1939 an antitrust suit was filed against Emhart, then known as Hartford-Empire, charging violation of Sections 1 and 2 of the Sherman Act with respect to patents covering inventions embodied in machinery used in the manufacture of glassware. The District Court entered judgment for the Government and required Emhart to grant royalty-free licenses under its patents covering the I. S. machine which is a type of forming machine used for shaping glassware. 46 F.Supp. 541 (1942). On appeal, the Supreme Court held that the patentee, Hartford-Empire, was entitled to a reasonable royalty for licenses under its patents. 323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322.

Following the remand from the Supreme Court and after extended proceedings before a Special Master and negotiations between the parties, an amended judgment was entered by the District Court on May 23, 1947. That judgment in effect provided that Emhart must grant licenses for a reasonable royalty to any applicant under any patent then or later owned or controlled by Emhart, for forming-machines or parts thereof. The judgment also specified the reasonable royalties which Emhart could charge for licenses under its patents.

Maul Brothers, Inc. is a corporation which began by repairing the parts and mechanisms for I. S. machines. Later, however, it manufactured and offered for sale to the industry a complete I. S. machine. Sale of an I. S. machine by Maul to Continental Can Company resulted in a suit by Emhart against Continental Can for infringement of Emhart patents

2,508,890 and 2,508,891. Patents .890 and .891 cover improved plunger mechanisms for the I. S. machine. With the inventions in these patents an I. S. machine has the capacity to shape wide-mouthed glassware as well as narrow-necked glassware, which cannot be done with an I. S. machine not incorporating the improvements. These are the only two patents which Emhart presently holds for the I. S. machine. At the time of the amended judgment in the antitrust suit Emhart held eighteen subsisting patents disclosing and claiming a complete I. S. machine. These patents have since expired.

Maul's petition in the District Court asked the Court to determine "a reasonable royalty for a license to make, use and/or sell structure within the scope of the claims of the * * * patents [.890 and .891]." The District Court dismissed the petition without an evidentiary hearing on the merits.

Maul contends here that the amended final judgment in the antitrust suit, which under Exhibit F fixes a reasonable royalty of $1,000 per section of an I. S. machine, did not contemplate patents .890 and .891, which had not been issued at that time, and related only to improvements in a small portion of the machine, and that therefore the District Court should have held a hearing to determine a reasonable royalty for a license under those patents. It argues: (1) that the judgment embraced only the patents covering the entire I. S. machine which have since expired and did not relate to these two patents which cover only a minor portion of an I. S. machine; and (2) that Exhibit F did not contemplate payment of a one thousand dollar royalty per section for a license under a patent wherein the entire structure per section retails for less than seven hundred dollars.

Paragraph 12(D) (5) of the amended judgment provided:

"[Emhart] will license, and agrees to license, all applicants under all *present inventions* to make, have made, use and sell feeders, *forming machines*, lehrs and stackers on the basis of a single royalty payment, as set forth in subparagraph 13(C) (1)." (Emphasis added.)

Paragraph 2(Q) defined "present inventions" to include—

" * * * all inventions owned or controlled by * * * [Emhart] on April 30, 1947 and *thereafter patented* insofar as they were embodied or employed in and licensed for use in current type machines on or before December 31, 1946." (Emphasis added.)

Further, "forming machines" are defined in paragraph 2(G) to mean—

" * * * any and all types of apparatus for or embodying methods of forming molten or viscous glass by blowing, pressing, blowing and pressing, or drawing the glass; * * *together with all auxiliary and accessory parts of all of said apparatus, when designed to be used in connection with any such apparatus; * * *." (Emphasis added.)

From the above provisions of the judgment we think it is obvious that patents .890 and .891 are covered by the terms of the judgment. They come within the terms "present inventions" and "forming machines" as those terms were used in paragraph 12(D) (5) and defined in paragraphs 2(Q) and 2(G) respectively. Thus, the District Court was correct in not holding a hearing to make an initial determination of reasonable royalties under these patents.

However, the amended judgment further provided for a redetermination of the royalties for a license set out in Exhibit F, the parties who may apply to the District Court for such a redetermination, and the procedure to be followed.

Paragraph 13(C) (4) provided in part:

"[A]ny applicant or licensee, other than a present licensee of defendant [Emhart] * * * pursuant to subparagraphs 12(D) (1) or 12(D) (4), may apply to the Court at any time * * * for *a redetermination of the reasonableness of any or all of said royalties for such privileges.*" (Emphasis added.)

Although the amended judgment provided for a redetermination of royalties upon application to the District Court, the party applying to the Court must first be a licensee or must have made application for a license. Here, Maul was not a licensee and there was no allegation in Maul's petition for a determination of reasonable royalties, and no showing in the record that Maul ever applied to Emhart for a license. In addition, paragraph 13(I) provided:

" * * * [A]ny interested * * * applicant, or licensee reasonably deeming that changes in the patent position of any defendant require changes in any charges theretofore determined to be reasonable hereunder or the determination of new charges for any privilege or privileges may, upon sixty (60) days' written notice to the Attorney General, to each domestic manufacturer of glassware and to each domestic manufacturer of machinery used in the manufacture of glassware known to the party giving notice, petition the Court for a determination or redetermination of the reasonableness of said charges."

There was no showing in the record that Maul gave the required notice to the Attorney General or to the glass manufacturers.

In our opinion, Maul, by following the procedure set out in the amended judgment, may apply for and obtain a license. After making application for the license it is required to give written notice to the Attorney General and to the manufacturers of its petition for a redetermination of the reasonableness of the royalties. The District Court is then required to grant a hearing and determine the reasonableness of the royalty.

Here, however, the procedure prescribed in the judgment was not followed and the District Court was therefore correct in dismissing the petition as it was prematurely filed.

Affirmed.